IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

**SHAUN POOLE,**

    **Plaintiff,**

v.                                                                                  No. 1:24-1258-STA-jay

**HENRY COUNTY,**
**TENNESSEE, et al.,**

    **Defendants.**

---

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Before the Court is the United States Magistrate Judge's Report and Recommendation that this matter be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B), that Plaintiff's motion to clarify be denied (ECF No. 11), and that Plaintiff's motion for preliminary injunction (ECF No. 4) be denied as moot. (ECF No. 12.) The Magistrate Judge submitted his Report and Recommendation on April 16, 2025. Objections were due within fourteen days of the entry of the Report. To date Plaintiff has filed no objections although he did file a "supplemental brief" on April 29, 2025, which the Court will construe as objections. (ECF No. 13.) Plaintiff contends that the Magistrate Judge's Report is "internally contradictory" and that the Magistrate Judge did not properly construe his claim.

If a party objects within the allotted time to a Report and Recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b) (1); *see also* Fed. R. Civ. P. 72(b). Parties must file specific objections. "[T]he filing of vague, general, or

conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 2001 WL 303507, *1 (6th Cir. March 19, 2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). Because a "general objection to the entirety of the [Report] has the same effects as would a failure to object," *Howard v. Sec'y of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991), and, in this case, Plaintiff has made "vague, general, or conclusory objections," his objections are waived.

The Court has reviewed the allegations of the complaint and the Report and Recommendation and finds that the Magistrate Judge correctly applied the applicable law to Plaintiff's claims. Thus, the Court adopts the recommendation that all claims be dismissed *sua sponte*. Plaintiff's objections are **OVERRULED**, and the Report and Recommendation is **ADOPTED**. Plaintiff's motion for preliminary injunction and motion to clarify are **DENIED**.

<u>Appellate Issues</u>

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a) provides that if a party seeks pauper status on appeal, he must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the party must file his motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks

appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that the complaint should be dismissed *sua sponte* but the action has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n. 1 (2d Cir. 1983). The same considerations that lead the Court to dismiss the complaint *sua* sponte also compel the conclusion that an appeal would not be taken in good faith.

It is **CERTIFIED**, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, **DENIED**. Accordingly, if Plaintiff files a notice of appeal, he must also pay the full appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.[1]

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: May 20, 2025

---

[1] Pursuant to Fed. R. App. P. 3(a), any notice of appeal should be filed in this Court. A motion to appeal *in forma pauperis* then should be filed directly in the United States Court of Appeals for the Sixth Circuit. Unless he is specifically instructed to do so, Plaintiff should not send to this Court copies of documents intended for filing in the Sixth Circuit.