**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

---

**SHAUN POOLE,**

      **Plaintiff,**

**v.**                                      **No. 1:24-1258-STA-jay**

**HENRY COUNTY,
TENNESSEE, et al.,**

      **Defendants.**

---

**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT**

---

On May 20, 2025, the Court adopted the United States Magistrate Judge's Report and Recommendation that, *inter ali*a, this matter be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). In that order, the Court noted that the Magistrate Judge submitted his Report and Recommendation on April 16, 2025, objections were due within fourteen days of the entry of the Report, and Plaintiff had filed no objections although he did file a "supplemental brief" on April 29, 2025, which the Court construed as objections.

Plaintiff filed a notice of appeal on May 28, 2025. The appeal was denied on February 12, 2026, for lack of prosecution. On April 24, 2026, Plaintiff filed a motion for relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b), request for de novo review, and request for reassignment. (ECF No. 24). In his motion, Plaintiff complains that the Court did not meaningfully address his objections in its order of May 20, 2025.

Federal Rule of Civil Procedure 60(b) permits "a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Gonzalez v.*

*Crosby*, 545 U.S. 524, 528 (2005). Under Rule 60(b)(1), a party may seek relief based on "mistake, inadvertence, surprise, or excusable neglect." Rules 60(b)(2) through (b)(5) supply other grounds for reopening a judgment. Finally, Rule 60(b)(6) provides a catchall for "any other reason that justifies relief." This last option is available only when Rules 60(b)(1) through (b)(5) are inapplicable. *See Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863, n. 11 (1988). Even then, "extraordinary circumstances" must justify reopening. *Id.* That is, Rule 60(b)(6), "contemplates situations where something more ... is present than those situations contemplated by the other clauses in the rule. The something more ... must include unusual and extreme situations where principles of equity *mandate* relief." *Id.* (emphasis in the original). *Tanner v. Yukins*, 776 F.3d 434, 443 (6th Cir. 2015) (internal quotation marks and citation omitted).

Rule 60(c) imposes deadlines on Rule 60(b) motions. All must be filed "within a reasonable time." Rule 60(c)(1). But for some, including motions under Rule 60(b)(1), that "reasonable time" may not exceed one year. Rule 60(c)(1). Motions under Rule 60(b)(6) are not subject to this additional one-year constraint, although those motions must still be filed within "a reasonable time." *See In re Vista-Pro Auto., LLC*, 109 F.4th 438, 442 (6th Cir. 2024).

In this case, Plaintiff has offered no reason for his late filing, nor does he explain why he could not have presented his assigned errors to the Court of Appeals instead of allowing his appeal to be dismissed for failure to prosecute. Furthermore, he has not shown "mistake, inadvertence, surprise, or excusable neglect" under Rule 60(b)(1), nor has he shown extraordinary reasons under Rule 60(b)(6). Instead, he maintains that this Court did not analyze his objections correctly in its order that was filed almost a year ago. Because Plaintiff has failed to meet the standards set out in Rule 60(b), his motion for relief from judgment is **DENIED**.

The Clerk of the Court is **DIRECTED** to terminate the motions for leave to proceed *in forma pauperis* (ECF Nos. 18, 19) as these motions were intended to be filed in the Court of Appeals and were forwarded to that Court on June 16, 2025.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: April 28, 2026